**No. 26-302**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

EMANUEL MCCRAY,

*Plaintiff-Appellant*

v.

MICROSOFT CORPORATION,

*Defendant-Appellee*

On Appeal from the United States District
Court for the Western District of
Washington, Tacoma
No. 3:25-cv-05660-RAJ
Hon. Judge Richard A. Jones

## APPELLANT'S PETITION FOR PANEL REHEARING AND
## REHEARING EN BANC

Emanuel McCray
400 W McLoughlin Blvd.
Apt 5
Vancouver, WA 98660
(564) 208-7576
emanuel.mccray@hotmail.com

*Appellant, Pro Se*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.................................................................................... ii

STATUTORY AUTHORITIES ........................................................................... iii

ARGUMENT ....................................................................................................... 1

    **I.     CONGRESS MANDATED THAT MCCRAY'S ENTIRE COMPLAINT PROCEED IN THE DISTRICT COURT AND BE DECIDED BY A JUDGE, NOT AN ARBITRATOR**..............1

    **II.    THE JANUARY 12, 2026 ORDER IS VOID AND INJURIOUS TO THE INTERESTS OF THE PUBLIC**…………….6

CONCLUSION…........................................................................................... 9

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

i

# TABLE OF AUTHORITIES

**Page**

*AT&T Mobility LLC v. Concepcion*
563 U.S. 333, 339, (2011)……........................................................ 3

*Bankston v. Pierce County*
174 Wn. App. 932, 941, 301 P.3d 495 (2013)…..........................…..4

*Berg v. Hudesman*
115 Wn.2d 657, 663, 801 P.2d 222 (1990)………….…......................…4

*Browning v. Johnson*
70 Wn.2d 145, 422 P.2d 314 (1967)……..............................…..3

*CompuCredit Corp. v. Greenwood*
565 U.S. 95, 98 (2012)……..................................................…5

*Coney Island Auto Parts Unlimited, Inc. v. Burton*
607 U. S. ____ (2026) (No. 24–808, January 20, 2026)…….....................…8

*Curtiss-Wright Corp. v. Gen. Elec. Co.*
446 U.S. 1, 10 (1980)……...............................................…..7

*Dean Witter Reynolds Inc. v. Byrd*
470 U. S. 213, 221 (1985)……..........................................…..5

*Failor's Pharmacy v. DSHS*
125 Wn.2d 488,  886 P.2d 147 (1994)……...............................…..4

*Hederman v. George*
35 Wn.2d 357, 362, 212 P.2d 841 (1949) ……...........................…..4

*Keystone Land & Dev. Co. v. Xerox Corp.*
152 Wn.2d 171, 94 P.3d 945 (2004)……................................….3

*Machen, Inc. v. Aircraft Design, Inc.*
65 Wn. App. 319, 333, 828 P.2d 73……..............................…..4

*Montes v. United States*
37 F.3d 1347, 1350 (9th Cir. 1994)……...............................…..8

ii

*Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.*
    117 F.3d 432, 433 (9th Cir. 1997)..................................................6, 7

*Smith v. Spizzirri*
    601 U.S. 472 (2024)....................................................................5

*Swint v. Chambers Cty. Comm'n*
    514 U.S. 35, 42 (1995)..............................................................6

*Van Dusen v. Swift Transportation Co. Inc.*
    830 F.3d 893, 896 (9th Cir. 2016)..............................................6

*Wetherbee v. Gary*
    62 Wn.2d 123, 381 P.2d 237 (1963).........................................3

*Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*
    134 Wn.2d 692, 952 P.2d 590 (1998)........................................3

Statutes

    9 U.S.C. § 2).............................................................................3

    9 U.S.C. § 402(a).....................................................................3

    18 U.S.C. § 1030......................................................................2

    28 U.S.C. § 1291.....................................................................6

Federal Rules of Civil Procedure
    Rule 11....................................................................................5

Revised Code of Washington
    9A.86.010................................................................................4

    9A.90.120................................................................................4

    Chapter 9.68 ...........................................................................4

This Petition for Panel Rehearing or Rehearing En Banc involves the following questions of exceptional importance:

1. Whether A Judge May Compel Arbitration When Congress Expressly Prohibits Such Arbitration.

2. Whether Compelling Arbitration of "All Claims" Contrary To A Federal Statute Creates "Finality" For Purposes of An Immediate Appeal.

## ARGUMENT

**I. CONGRESS MANDATED THAT MCCRAY'S ENTIRE COMPLAINT PROCEED IN THE DISTRICT COURT AND BE DECIDED BY A JUDGE, NOT AN ARBITRATOR.**

Appellant, *hereinafter* McCray, lacked the mental capacity to assent to an arbitration agreement which Congress expressly prohibited in legislation. Nonetheless, the trial court found McCray assented to an arbitration agreement. But unlike the Prophets Isaiah and Jeremiah depicted in the Holy Bible, McCray is not gifted with forthtelling and foretelling beyond the face of the Waiver of Summons returned by Appellee.

Appellee, *hereinafter* Microsoft, has, according to Google Finance, a market capitalization of "3.57 trillion USD" and is traded on "NASDAQ: MSFT."

In the Background" to its "ORDER ON DEFENDANT MICROSOFT CORPORATION'S MOTION TO COMPEL ARBITRATIONS AND STAY CASE," District Court Docket Entry (DDE) 31, the trial court correctly found that McCray alleged computer fraud and sexual harassment when:

1

"[O]n July 10, 2025, he received an email addressed to his Hotmail account.... The email contained what Plaintiff describes as "criminal threats of extortion and blackmail" [involving "highly controversial porn videos"] purportedly violative of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030.... Plaintiff accordingly brings CFAA, negligence, and gross negligence claims against Microsoft, and seeks "damages, punitive damages, court costs, fees and such other relief as the Court deems just and proper, not to be less than $52 billion." DDE 31 at 2.

After this careful finding, the trial court appears to have drifted in its judicial logic to find and hold that the Microsoft Services Agreement ("MSA") was a "contract" that contained a "written provision" "broad" enough (1) to gift McCray with forthtelling and foretelling abilities and (2) to find McCray assented to the arbitrate fraud and sexual harassment crimes McCray had no way of knowing or predicting Microsoft would later commit. DDE 31 at 2-3.

Most importantly, the trial court made no attempt to identify any written provision forming a contract assented to by McCray that would allow Microsoft, without McCray's permission, to fraudulently use its Software-as-a-Service ("Saas") technology to extort, blackmail, coerce and sexually harass, by sending or threatening to send, unwanted "highly controversial porn videos" to thousands of McCray's email and social media contacts, which includes President Trump, Federal and State Legislators, judges and clerks, Clark County Sheriff's Department, Vancouver Police Department and McCray's grandchildren under the age of 18, among other individuals around the world.

2

Generally, contract defenses include fraud, duress, or unconscionability. *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333, 339, (2011) (explaining the operation of the saving clause under 9 U.S.C. § 2).

The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"), which President Biden signed on March 3, 2022, amended the Federal Arbitration Act ("FAA") to prohibit the enforcement of arbitration agreements for claims arising from sexual harassment by providing, in pertinent part that:

> "Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute…no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal…law and relates to… the sexual harassment dispute." 9 U.S.C. § 402(a).

Effort was extremely lacking by the trial court to follow 9 U.S.C. § 402(a) and the State of Washington's "objective manifestation test for contracts" pronounced in *Keystone Land & Dev. Co. v. Xerox Corp.,* 152 Wn.2d 171, 94 P.3d 945 (2004) ("for a contract to form, the parties must objectively manifest their mutual assent.") "[T]he terms assented to must be sufficiently definite" and "the contract must be supported by consideration to be enforceable." *See* also *Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.,* 134 Wn.2d 692, 952 P.2d 590 (1998) (mutual assent); *Wetherbee v. Gary,* 62 Wn.2d 123, 381 P.2d 237 (1963) (definiteness); *Browning v. Johnson,* 70 Wn.2d 145, 422 P.2d 314 (1967)

3

(consideration); *Failor's Pharmacy v. DSHS,* 125 Wn.2d 488, 886 P.2d 147 (1994) (legality); and *Bankston v. Pierce County,* 174 Wn. App. 932, 941, 301 P.3d 495 (2013) (lawful purpose and performance).

In *Berg v. Hudesman,* 115 Wn.2d 657, 663, 801 P.2d 222 (1990), the Washington Supreme Court found that the "[c]onstruction of a contract determines its legal effect" and further held that:

> "extrinsic evidence is admissible as to the entire circumstances under which the contract was made, as an aid in ascertaining the parties' intent. We adopt the Restatement (Second) of Contracts §§ 212, 214(c) (1981)."

Crucially, sending unwanted "highly controversial porn videos" to any person would violate numerous Federal and Washington State criminal laws, including Revised Code of Washington ("RCW") 9A.90.120 (cyber harassment); RCW 9A.86.010 (disclosing intimate images, Non-Consensual Pornography ("Revenge Porn")); and Chapter 9.68 RCW (obscenity and pornography).

"A contract in conflict with statutory requirements is illegal and unenforceable as a matter of law" in the State of Washington. See *Failor's Pharmacy v. DSHS,* 125 Wn.2d 488 (1994), *citing Hederman v. George,* 35 Wn.2d 357, 362, 212 P.2d 841 (1949) and *Machen, Inc. v. Aircraft Design, Inc.,* 65 Wn. App. 319, 333, 828 P.2d 73, *review denied,* 120 Wn.2d 1007 (1992).

The potential criminal penalties underlying the dissemination of unwanted porn to judges, court clerks and others and its illegality as a contract, is the core

4

reason McCray urged Microsoft to withdraw DDE 11 (motion to compel arbitration) as violating Rule 11, FRCP, which the trial court granted in DDE 31.

Moreover, Davis Wright Tremain ("DWT"), the law firm representing Microsoft, demonstrated its professional knowledge of the FAA when commenting on the decision of the Supreme Court in *Smith v. Spizzirri*, 601 U.S. 472 (2024). *See* "Should I Stay or Should I … Dismiss: Supreme Court Mandates Federal Courts To Stay, Not Dismiss, Actions Under the Federal Arbitration Act," available from https://www.dwt.com/blogs/government-contracts-insider/2024/10/supreme-court-rules-on-arbitration-stays-in-smith. McCray was entitled to seek Rule 11 sanctions, including disbarment and dissolution, as set forth in DDE 24 filed on October 18, 2025.

The EFAA, in contrast to the FAA, demonstrates Congress's preference that plaintiffs alleging sexual harassment be permitted to be heard in court and not be compelled to arbitration.

While courts must enforce agreements to arbitrate according to their terms, *Dean Witter Reynolds Inc. v. Byrd,* 470 U. S. 213, 221 (1985), this is not the case when the FAA's mandate has been "overridden by a contrary congressional command" as accepted by the Supreme Court in *CompuCredit Corp. v. Greenwood,* 565 U.S. 95, 98 (2012) and as was done through the EFAA.

5

As a result, the EFAA required the trial court to find that Microsoft's arbitration agreement was unenforceable with respect to McCray's entire computer fraud and sexual harassment case. This was so given the fact that the core of McCray's case alleged both "fraud" under the CFAA and "conduct constituting a sexual harassment dispute" as defined by the EFAA.

## II. THE JANUARY 12, 2026 ORDER IS VOID AND INJURIOUS TO THE INTERESTS OF THE PUBLIC.

One or more legal theories and or doctrines demonstrates how the trial court brought about finality while trying to deceptively avoid finality for "**twelve (12) months**".

The trial court ignored the EFAA and the fact that Microsoft filed an "Answer" to the complaint, DDE 18, which conflicted with Microsoft's request to change venue and forum outlined in DDE 11.

A district court's decision is final for purposes of 28 U.S.C. § 1291 "if it (1) is a full adjudication of the issues, and (2) 'clearly evidences the judge's intention that it be the court's final act in the matter.'" *Van Dusen v. Swift Transportation Co. Inc.,* 830 F.3d 893, 896 (9th Cir. 2016), citing *Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.,* 117 F.3d 432, 433 (9th Cir. 1997) (same) and *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 42 (1995) (discussing the "collateral order doctrine").

6

The trial court signaled the required "finality" triggering immediate appealability when it concluded in DDE 31, in relevant part, and notwithstanding the EFAA, that:

> "Pursuant to the language provided in the MSA's binding arbitration provision, the arbitration of all disputes will be administered by the American Arbitration Association. The Clerk of Court is directed to terminate all pending motions in this matter.
> The parties are directed to advise the Court of the status of arbitration **within ninety (90) days** of this Order. If the parties fail to commence arbitration within **twelve (12) months** of this Order, the Court will dismiss the underlying claims and terminate the case. *See Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 962–63 (9th Cir. 2007)." DDE 31 at 11-12.

As written, DDE 31 does not threaten a piecemeal appeal. See *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980) (highlighting the importance of juridical concerns with piecemeal appeals).

Rather, the trial court made it perfectly clear that "the arbitration of all disputes will be administered by the American Arbitration Association" in direct violation of the EFAA.

Further, DDE 31 threatened to "dismiss," after a one year delay, the entire case should arbitration fail. This places the case below under the lens of the "intent" of the judge and not the terminology used in the orders.

A district court order is final only when it is clear that the judge intended it to be final. See *Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997) (discussing looking beyond the order and reading the entire

7

record to determine what effect the court intended its order to have.) See also *Montes v. United States,* 37 F.3d 1347, 1350 (9th Cir. 1994) ("In determining whether the district court's ruling was a final, appealable order, we focus on what effect the court intended it to have, rather than the label placed upon it.)

This Petition for Panel Rehearing or Rehearing En Banc is precisely where McCray can predict arbitration will never occur within one year because Congress prohibits claims involving sexual harassment from being concealed by private, compulsory arbitration. McCray cannot and will not waive his statutory civil rights under the CFAA and the EFAA.

An ancient maxim of jurisprudence, "time does not confirm a void act", is applicable to this Petition. The Order compelling arbitration violated the EFAA and can never become valid merely through the passage of time.

On January 20, 2026, the U.S. Supreme Court reaffirmed the necessity of finality in litigation and this ancient maxim in *Coney Island Auto Parts Unlimited, Inc. v. Burton,* 607 U. S. ____ (2026) (No. 24–808, January 20, 2026): "Even if the passage of time cannot cure voidness, the same principle holds true for most legal errors."

A second ancient maxim of jurisprudence, "the incident follows the principal, and not the principal the incident," places the EFAA in the seat of the principal, where as here, the claims involve sexual harassment.

8

Whether DDE 31 is void today will not change this fact when the district court dismisses the case one year from today. The Order is void and any subsequent judgment based on this Order will also be void.

## CONCLUSION

This Petition for Panel Rehearing or Rehearing En Banc should be granted.

Respectfully submitted,

Dated:  January 29, 2026


Emanuel McCray

9

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 11. Certificate of Compliance for Petitions for Rehearing/Responses

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form11instructions.pdf*

**9th Cir. Case Number(s)** 26-302 _____

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 40-1, the attached petition for panel rehearing/petition for rehearing en banc/~~response to petition~~ is *(select one)*:

[X] Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words:** 1,894 .

*(Petitions and responses must not exceed 4,200 words)*

**OR**

[ ] In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature** *Jmanuel McClay* **Date** January 29, 2026 _____
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 11** *Rev. 12/01/24*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 25. Certificate of Service for Paper Filing

**ATTENTION ELECTRONIC FILERS: DO NOT USE FORM 25**
Use Form 25 only if you are *not* registered for Appellate Electronic Filing.

**Instructions**
- You must attach a certificate of service to each document you send to the court and to opposing counsel.
- Include the title of the document you are serving, the name and address of each person you served with a copy of the document, and the date of mailing or hand delivery.
- Sign and date the certificate. You do not need to have the certificate notarized.
- Remember that you must send a copy of all documents and attachments to counsel for **each** party to this case.

**9th Cir. Case Number(s)** No. 26-302

**Case Name** MCCRAY V. MICROSOFT CORPORATION

I certify that I served on the person(s) listed below, either by mail or hand delivery, a copy of the APPELLANT'S PETITION FOR PANEL REHEARING AND REHEARING EN BANC and any attachments. *(title of document you are filing, such as Opening Brief, Motion for __, etc.)*

**Signature** *Manuel McCray* **Date** January 29, 2026

| Name | Address | Date Served |
|---|---|---|
| James E Howard | Davis Wright Tremaine (SEA) 920 Fifth Avenue, Suite 3300 Seattle, WA 98104 | January 29, 2026 |
| | | |
| | | |
| | | |

*Mail this form to the court at:*
Clerk, U.S. Court of Appeals for the Ninth Circuit, P.O. Box 193939, San Francisco, CA 94119-3939

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 25** *Rev. 12/01/18*